# Exhibit C

# INSTALLMENT NOTE

**29,448.06**  
Principal Amount

**November 26, 2014**  
Date

For value received, the undersigned William Basch ("***Borrower***"), 3 Walton Street, Brooklyn, NY 11206, promises to pay to the order of DBR Franchising LLC("***Lender***"), the face value of the loan or note of $29,448.06 at annual interest rate of 9% and an administration fee of $150.00.

Borrower shall make an initial payment of $0.00 on this Note ("***Down Payment***") and installments as described further below, to a place designated by Lender, which may from time to time change per the written notice of Lender to Borrower, with the initial address being 422 North 300 West, Salt Lake City, UT 84103.

Until the Note is due in full, for whatever reason, the unpaid principal and accrued interest shall be payable in monthly installments ("***Installments***"), payable on the first of each month ("***Installment Due Date***") beginning December 1, 2014 and continuing until December 1, 2016 ("***Due Date***") in the amounts listed on Exhibit A attached hereto ("***Payment Schedule***"), at which time the remaining unpaid principal, interest, and other costs, if any, shall be due in full unless this Note was called earlier per the rights of the Lender under this Agreement.

Any payments on this Note shall first be applied against legal or collection costs until paid in full, as then may be due, and then against outstanding interest until paid in full, as then may be due, and finally applied to the outstanding principal balance.

1. <u>Prepayment</u>. The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty. Prepayments shall be applied to installments of principal of this Note in the inverse order of their maturity. Any partial prepayment shall not alter the required payments shown in Exhibit A until the total amount of principal and interest and, if applicable, any late charges due under this Note are paid in full.

2. <u>ACH Payment</u>. Borrower agrees to allow Lender to automatically deduct, the payments due on the Payment Schedule via Electronic Funds transfer from the bank account designated on the HouseMaster Automatic Clear House form attached hereto as Exhibit B ("***ACH Authorization Form***").

Borrower will provide a copy of a voided check to verify the information on the ACH Authorization Form. This authorization is irrevocable and shall remain in effect until the Installment Note has been paid in full. In the event the bank account listed above is closed or becomes unusable for any reason, Borrower must supply Lender with updated valid bank account information. This new bank account will be subject to this authorization as if it had been in effect at the time this Note was signed. Borrower agrees to notify Lender in writing of any changes to bank account information at least fifteen (15) days prior to the next due date of charges.

3. <u>Collection Costs, Attorney's Fees, and Late Charge</u>. If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process, without protest of any kind, legal or otherwise. If the note remains unpaid for an additional 30 days after Lender gives demand, the Borrower shall be required to pay a 5% late charge based on the Installment amount. Each late Installment shall make another 5% due.

4. <u>Default Events</u>. If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

    a. failure of the Borrower to pay the monthly installment payment, as outlined herein, on or before the Installment Due Date with a reasonable opportunity to cure (not to exceed 30 days);

      b. failure of Borrower to make any payment of money owed to Franchisor when due and/or any reports required in accordance to Borrower's Franchise Agreement with Lender ("*Franchise Agreement*") with reasonable opportunity to cure as stated therein.

          c. death of the Borrower or Lender;

          d. filing of bankruptcy proceedings involving the Borrower as a Debtor;

          e. application for the appointment of a receiver for the Borrower;

          f. making of a general assignment for the benefit of the Borrower's creditors;

          g. insolvency of the Borrower;

      h. a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit.

      5. <u>Borrower Waivers</u>. Borrower waives presentment for payment, protest, and notice of protest and nonpayment of this Note.

      6. <u>Additional Lender Rights</u>. No renewal or extension of this Note, delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note shall affect the liability or the obligations of the Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

      7. <u>Notices</u>. Any notice required by this Agreement or given in connection with it, shall be in writing and shall be given to the appropriate party by personal delivery or a recognized over night delivery service such as FedEx. If to the Borrower: 3 Walton Street, Brooklyn, NY 11206. If to the Lender: 422 North 300 West, Salt Lake City, UT 84103.

      8. <u>No Waiver</u>. The waiver or failure of either party to exercise in any respect any right provided in this agreement shall not be deemed a waiver of any other right or remedy to which the party may be entitled.

      9. <u>Entirety of Agreement</u>. The terms and conditions set forth herein constitute the entire agreement between the parties and supersede any communications or previous agreements with respect to the subject matter of this Agreement. There are no written or oral understandings directly or indirectly related to this Agreement that are not set forth herein. No change can be made to this Agreement other than in writing and signed by both parties.

      9. <u>Governing Law</u>. This Agreement shall be construed and enforced according to the laws of the State of Utah and any dispute under this Agreement must be brought in this venue and no other.

      10. <u>Headings in this Agreement</u>. The headings in this Agreement are for convenience only, confirm no rights or obligations in either party, and do not alter any terms of this Agreement.

      11. <u>Severability</u>. If any term of this Agreement is held by a court of competent jurisdiction to be invalid or unenforceable, then this Agreement, including all of the remaining terms, will remain in full force and effect as if such invalid or unenforceable term had never been included.

      **IN WITNESS WHEREOF**, the parties have executed this Agreement as of the date first written above.

_____      _____
Borrower      Lender

EXHIBIT A

 **AUTHORIZATION FOR AUTOMATIC TRANSFER OF FUNDS THROUGH THE AUTOMATIC CLEARING HOUSE (ACH)**

THIS FORM IS MANDATORY AND MUST BE COMPLETED ENTIRELY

## FRANCHISEE AUTHORIZATION

I/We, William Basch, conducting business as Dependable Inspection Enterprises, Inc., a corporation formed and operated in the state of __NEW YORK__ (collectively "Franchisee"), hereby consent and authorize DBR Franchising, LLC ("Franchisor") to debit through electronic funds transfer from the designated bank account, on which I am an authorized signatory, the fees, contributions, payments, penalties and/or fines identified below ("Authorized Fees") which become due and payable in the amounts and under the terms and conditions of the respective agreements (collectively "Franchise Agreements").

## AUTHORIZED FEES

The Authorized Fees that the Franchisor is hereby authorized to debit include:

| Authorized Fee(s): | Respective Agreement(s) | Date of Agreement | Initials |
|---|---|---|---|
| ☐ Royalty Service Fees | Franchise Agreement | | |
| ☐ Marketing Fund Contributions | Franchise Agreement | same as above | |
| ☐ Conference Fee | Franchise Agreement | same as above | |
| ☒ Franchise Financing | Installment Note | November 26, 2014 | |
| ☒ Late charges (mandatory) | All of above | same as above | |

## AUTHORIZED BANK ACCOUNT INFORMATION

**ACCOUNT HOLDER'S IDENTIFICATION**

Name: WILLIAM BASCH - DEPENDABLE    SS/FEIN: 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
Street: 3 WALTON STREET    Cell Phone: 347-623-1855
City: BROOKLYN    State: NY    Zip: 11206    Alternate: 718-384-1122

**ACCOUNT HOLDER'S AUTHORIZATION**

Bank Name: TD BANK    Business Type: ☒ Business ☐
Mailing Address:    Account Type: ☒ Checking ☐
Branch City:    State:    Zip:    Bank Phone:
Account Number: 7 9 1 7 5 1 5 4 4 2
9-Digit ABA: 0 2 6 0 1 3 6 7 3    Leave Blank

This Authorization is irrevocable and shall remain in effect for so long as the respective Franchise Agreements remain in effect. In the event the bank account listed above becomes unusable for any reason, Franchisee agrees to notify Franchisor in writing of any changes to bank account information at least fifteen (15) days prior to the next due date of Authorized Fees. The new bank account will be subject to this Authorization as if it had been in effect at the time it was signed.

As witness hereof, Franchisee and Franchisor hereby execute this Authorization for Automatic Transfer of Funds on the date or dates hereinafter written.

FRANCHISEE: By: _[signature]_    FRANCHISOR: By: _[signature]_
Date: 12/4/14    Date: 12-8-14

# Exhibit B

## Installment Note Payment Schedule

| Financed Amount(s) | | |
|---|---|---|
| Originating Principal | $ | 29,448.06 |
| Administration Fee(s) | | 150.00 |
| Down Payment(s) / Credit(s) | | - |
| Financed Amount | $ | 29,598.06 |

|  |  |  |  | Opening Principal: | $ 29,598.06 |
|---|---|---|---|---|---|
| Payment Sequence | Due Date | Day in Week | Payment Amount | Applied Interest | Balance |
| Pmt 1 | Dec 01, 2014 | Mon | 1,352.18 | (221.99) $ | 28,467.87 |
| Pmt 2 | Jan 01, 2015 | Thu | 1,352.18 | (213.51) | 27,329.19 |
| Pmt 3 | Feb 01, 2015 | Sun | 1,352.18 | (204.97) | 26,181.98 |
| Pmt 4 | Mar 01, 2015 | Sun | 1,352.18 | (196.36) | 25,026.17 |
| Pmt 5 | Apr 01, 2015 | Wed | 1,352.18 | (187.70) | 23,861.69 |
| Pmt 6 | May 01, 2015 | Fri | 1,352.18 | (178.96) | 22,688.47 |
| Pmt 7 | Jun 01, 2015 | Mon | 1,352.18 | (170.16) | 21,506.45 |
| Pmt 8 | Jul 01, 2015 | Wed | 1,352.18 | (161.30) | 20,315.57 |
| Pmt 9 | Aug 01, 2015 | Sat | 1,352.18 | (152.37) | 19,115.76 |
| Pmt 10 | Sep 01, 2015 | Tue | 1,352.18 | (143.37) | 17,906.95 |
| Pmt 11 | Oct 01, 2015 | Thu | 1,352.18 | (134.30) | 16,689.07 |
| Pmt 12 | Nov 01, 2015 | Sun | 1,352.18 | (125.17) | 15,462.06 |
| Pmt 13 | Dec 01, 2015 | Tue | 1,352.18 | (115.97) | 14,225.84 |
| Pmt 14 | Jan 01, 2016 | Fri | 1,352.18 | (106.69) | 12,980.36 |
| Pmt 15 | Feb 01, 2016 | Mon | 1,352.18 | (97.35) | 11,725.53 |
| Pmt 16 | Mar 01, 2016 | Tue | 1,352.18 | (87.94) | 10,461.29 |
| Pmt 17 | Apr 01, 2016 | Fri | 1,352.18 | (78.46) | 9,187.57 |
| Pmt 18 | May 01, 2016 | Sun | 1,352.18 | (68.91) | 7,904.30 |
| Pmt 19 | Jun 01, 2016 | Wed | 1,352.18 | (59.28) | 6,611.40 |
| Pmt 20 | Jul 01, 2016 | Fri | 1,352.18 | (49.59) | 5,308.81 |
| Pmt 21 | Aug 01, 2016 | Mon | 1,352.18 | (39.82) | 3,996.44 |
| Pmt 22 | Sep 01, 2016 | Thu | 1,352.18 | (29.97) | 2,674.24 |
| Pmt 23 | Oct 01, 2016 | Sat | 1,352.18 | (20.06) | 1,342.11 |
| Pmt 24 | Nov 01, 2016 | Tue | 1,352.18 | (10.07) | - |
| | TOTAL PAYMENT(s): | 24 PMTS | 32,452.31 | (2,854.25) | 29,598.06 |

| | |
|---|---|
| Franchisee Name: | William Basch |
| Franchisee Number: | 00417 |
| Effective Date of Installment Note: | 11/26/14 |
| Date Originating Principal determined: | 11/25/14 |